UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEGAN HENDERSON
O.B.O. JAMES HENDERSON, JR.,

      Plaintiff,                              Hon. Robert J. Jonker

v.                                                   Case No. 1:20-cv-1240

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

    This is an action to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Presently before the Court is Defendant's Motion to Remand. (ECF No. 18). For the reasons articulated herein, the undersigned recommends that Defendant's motion be granted.

## ANALYSIS

    On February 24, 2017, James Henderson, Jr. filed for Social Security disability benefits. (ECF No. 13-5, PageID.212-22). On April 17, 2019, an ALJ denied Plaintiff's applications. (ECF No. 13-2, PageID.60-69). Mr. Henderson subsequently passed away after which his daughter, Megan Henderson, initiated the present action on her father's behalf. (ECF No. 1). Defendant filed the

present motion requesting that the Commissioner's decision be vacated and the matter remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Specifically, Defendant argues that "[r]emand is necessary for the ALJ to obtain additional vocational expert evidence and resolve any conflict between that evidence and the Dictionary of Occupational Titles (DOT) and related publications." (ECF No. 18, PageID.423).

While Plaintiff does not oppose remand, she opposes "Defendant's remand instructions." (ECF No. 19, PageID.429). Specifically, Plaintiff objects to Defendant's refusal to include in his motion "instructions that the Plaintiff be given a guaranteed opportunity to have a hearing." (*Id.*). Defendant argues that Megan Henderson "must file substitution of party paperwork with the agency" before she can request a hearing. (ECF No. 18, PageID.424). Ms. Henderson later submitted the paperwork in question. (ECF No. 19, PageID.434). Having accomplished this, Plaintiff requests that "on remand she be offered an opportunity to have a hearing on the merits." (*Id.*, PageID.434).

The relevant Social Security regulations provide that when a federal court remands a matter to the Commissioner for further administrative action, the Appeals Council "may make a decision, or it may remand the case to an administrative law judge. . . ." 20 C.F.R. § 404.983. In his motion, Defendant specifically requests that the Appeals Council "remand the claim to an ALJ with instructions to obtain additional vocational expert evidence via testimony or

otherwise, and resolve any conflict between that evidence and the DOT and related publications." (ECF No. 18, PageID.424). Defendant further argues that "any evidence obtained by the ALJ. . .will be proffered to Plaintiff. . .and then Plaintiff will have the opportunity to comment, object, or request a hearing." (*Id.*).

Plaintiff requests that the Court instead "remand the present case with specific instructions to offer the Plaintiff an opportunity for a hearing." (ECF No. 19, PageID.430). In support of this request, however, Plaintiff advances no argument and cites to no authority. This Court lacks the expertise and experience to assess whether a hearing is necessary to adequately and fairly resolve Plaintiff's claims. *See, e.g., Vazquez v. Saul*, 2021 WL 2680101 at *2 (D.N.J., June 30, 2021) (determining the process by which a matter is resolved following remand "is best left to the ALJ's discretion in the first instance, subject to review by the Appeals Council and this Court").

Social Security regulations permit Plaintiff to request a hearing on remand. *See* 20 C.F.R. §§ 404.983, 416.1483. Whether a hearing is necessary or required, however, is a matter for the ALJ to decide. *See, e.g., Vazquez*, 2021 WL 2680101 at *2 (the court declined to dictate the process by which the Commissioner resolved a matter on remand, noting that it "will not straightjacket the [Commissioner's] deliberations in advance").

-3-

## CONCLUSION

For the reasons stated herein, the undersigned recommends that Defendant's Motion to Remand (ECF No. 18) be granted. Specifically, the undersigned recommends that the Commissioner's decision be vacated and this matter remanded to an administrative law judge (ALJ) for further consideration of Plaintiff's claim. In the alternative, and should the Court not adopt this Report and Recommendation, the undersigned recommends that Defendant's Motion to Remand (ECF No. 18) be denied and this matter be referred back to the undersigned judicial officer for a Report and Recommendation regarding the merits of Plaintiff's appeal, based on the record presently before the Court.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: October 12, 2021  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge