UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEGAN HENDERSON, O.B.O
JAMES HENDERSON, JR.,

        Plaintiff,

                                CASE NO. 1:20-CV-1240

v.

                                HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Phillip Green's Report and Recommendation in this matter (ECF No. 20), Plaintiff's Objections (ECF No. 21), and Defendant's Objections (ECF No. 22).  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Plaintiff's Objections; and Defendant's Objections.

For the reasons that follow, the Court adopts the Magistrate Judge's Report and Recommendation.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is an action to review a final decision of the Commissioner of Social Security, denying Plaintiff James Henderson Jr. Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).  The action is brought by Plaintiff Megan Henderson, on behalf of her deceased father, James Henderson Jr.  On August 23, 2021, Defendant filed a Motion to Remand the action to the Social Security Administration under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).  (ECF No. 18.)  The sentence states, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  On August 27, 2021, Plaintiff filed a response, arguing that she should be offered an opportunity to have a hearing after remand.  (ECF No. 19.)

The Magistrate Judge recommends granting Defendant's motion.  Specifically, the Magistrate Judge "recommends that the Commissioner's decision be vacated and this matter remanded to an administrative law judge (ALJ) for further consideration of Plaintiff's claim." (ECF No. 20, PageID.438.)  Plaintiff does not object to this recommendation but disagrees to the extent the Magistrate Judge did not instruct Defendant to hold a hearing after remand.  (ECF No. 21, PagID.439.)

**DISCUSSION**

The Court has carefully and thoroughly considered the present record, the parties' arguments, and the governing law.  Defendant seeks to remand the matter to an ALJ so it "can obtain additional vocational expert evidence and resolve any conflict between that evidence and the Dictionary of Occupational Titles and related publications." (ECF No. 18, PageID.423.)  The Court accepts and adopts the Magistrate Judge's recommendation to grant Defendant's Motion to Remand.  The Court believes vacating the Commissioner's decision and remanding the matter is proper, and neither party objects to this course of action.

Plaintiff objects only to the Magistrate Judge's refusal to include an instruction that Plaintiff be given a guaranteed hearing on remand.  Plaintiff does not cite any authority to support her argument.  The Court is not persuaded by Plaintiff's objection.  Ms. Henderson filed the necessary paperwork to substitute her father as the party, which permits Plaintiff to request a hearing per HALLEX I-2-1-50.  However, the Court lacks expertise and experience to determine whether a hearing is necessary.  The ALJ has the power to decide whether a person is entitled to a hearing and the nature of the hearing.  20 C.F.R. § 405.320(a) ("A hearing is open only to [the claimant] and to other persons the administrative law judge considers necessary and proper."); *Martinez v. Astrue*, No. CIV.A 3:07CV699(SRU), 2009 WL 840661, at *1 (D. Conn. Mar. 30, 2009) ("Hearing procedures are informal in nature and the conduct of the hearing rests generally in the ALJ's discretion.").  Thus, the Court declines to order the ALJ to hold a hearing after remand.

**ACCORDINGLY, IT IS ORDERED**:

1.      The Report and Recommendation of the Magistrate Judge (ECF No. 20) is **APPROVED** and **ADOPTED**.

2.      Defendant's Motion to Remand (ECF No. 18) is **GRANTED**.

3.       For the same reasons that the Court dismisses Plaintiff's claims, the Court discerns

no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v.*

*Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*,

549 U.S. 199 (2007)).

It is further ordered that this case is **DISMISSED**.  A separate Judgment shall enter.


Dated:      April 12, 2022                              /s/ Robert J. Jonker
                                                        ROBERT J. JONKER
                                                        CHIEF UNITED STATES DISTRICT JUDGE