UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MEGAN HENDERSON
O.B.O. JAMES HENDERSON, JR.,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Hon. Robert J. Jonker

Case No. 1:20-cv-1240

**REPORT AND RECOMMENDATION**

    This matter is before the Court on Plaintiff's Unopposed Petition for EAJA Fees. (ECF No. 25). The Court recently remanded this matter to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel now seeks $7,611.14 in attorney and paralegal fees. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be granted in part and denied in part.

    Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. See 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's

position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Commissioner has not asserted that his position in this matter was substantially justified. Thus, counsel is entitled to an award under the EAJA. The amount request by counsel, however, is not reasonable. *See, e.g.,* 28 U.S.C. § 2412(d)(2)(A) (a request for EAJA fees must be "reasonable"); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (the plaintiff has the burden to demonstrate that his EAJA fee request is reasonable). Counsel requests to be compensated at hourly rates ranging from $208.75 to $231.25 for 34.5 hours of work. Neither the requested hourly rates nor the time expended on this matter are reasonable.

This Court recently found reasonable an hourly EAJA rate of $204.75. *See Belanger v. Commissioner of Social Security*, Case No. 2:20-cv-009, Opinion and Order, ECF No. 28 (W.D. Mich.) (finding that inflation and cost-of-living increases supported increasing the hourly EAJA rate from $175 to $204.75). As at least one court in this District has noted, this amount is significantly higher than that paid to attorneys performing comparable work representing individuals in litigation against the federal government. *See, e.g., Weaver v. Commissioner of Social Security*, 2021 WL 1269547 at *1 (W.D. Mich., Mar. 19, 2021). While the Court is sympathetic to this position, it nevertheless finds reasonable an hourly rate of $204.75.

Likewise, the number of hours for which counsel seeks to be compensated is unreasonable. Counsel seeks to be compensated for 34.5 hours of work of which 26.4 hours represents the amount of time counsel expended to review the record and draft

Plaintiff's initial brief. The administrative record in this matter was quite brief and contained less than 100 pages of medical records. Moreover, the issues raised by Plaintiff in her appeal were neither novel nor complex. Skilled and experienced counsel does not reasonably require 26.4 hours to draft the brief submitted in this matter. The Court finds that counsel can instead reasonably claim 19.8 hours for his initial brief.

In sum, Plaintiff is entitled to be compensated for 27.9 hours of work at an hourly rate of $204.75 ($5,712.53). The $48.00 requested for paralegal work is reasonable and compensable. Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of five thousand, seven hundred sixty dollars and fifty-three cents ($5,760.53). In light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), this order awarding EAJA fees must be entered in Plaintiff's favor. *Id.* at 591-93; *see also*, 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party"); *Kerr v. Commissioner of Social Security*, 874 F.3d 926, 934-35 (6th Cir. 2017) (reaffirming that *Astrue* requires EAJA fees to be paid to the claimant).

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Unopposed Petition for EAJA Fees (ECF No. 25) be granted in part and denied in part. Specifically, the undersigned recommends that Plaintiff be awarded five thousand, seven hundred sixty dollars and fifty-three cents ($5,760.53) pursuant to the EAJA and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: August 3, 2022

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge