UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEGAN HENDERSON
O.B.O. JAMES HENDERSON, JR.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

CASE NO. 1:20-CV-1240

HON. ROBERT J. JONKER

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 26) and Plaintiff's Objections to it. (ECF No. 27). In her Objections, Plaintiff argues the Magistrate Judge erroneously concluded that the attorney fees requested by Plaintiff in this matter were not reasonable. For the reasons set forth below, the Court adopts the Magistrate Judge's recommendation.

The Court renews de novo the Magistrate's Report and Recommendation on attorney fees. *See Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). Additionally, under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. The Court finds the Magistrate Judge's Report and Recommendation factually sound and legally correct.

As outlined in the Magistrate Judge's Report and Recommendation, neither the Plaintiff's requested hourly rates nor the time expended on this matter are reasonable. Plaintiff first objects that because Plaintiff's EAJA motion was unopposed, the Magistrate Judge was without authority to reduce the requested award. Plaintiff is mistaken. The out of circuit cases upon which Plaintiff relies for her contention are of marginal value. *See United States v. Elevan Vehicles*, 200 F.3d 203, 212 (3d Cir. 2000) (holding that the Third Circuit's "precedent . . . binds the district court not to reduce the fee amount requested sua sponte, in the absence of a Government Objection."). Plaintiff does not identify social security precedent with the Sixth Circuit prohibiting or discouraging a district court from examining an agreed-upon hourly rate, and absent authority to the contrary, the Court is not convinced that the parties' agreement absolves a court of performing the inquiry required by 28 U.S.C. § 2412(d)(2)(A). *See Comm'r I.N.S. v. Jean*, 496 U.S. 154, 163 (1990) (recognizing that "[e]ligibility for fees is establishing upon meeting the four conditions set out by the statute, but a district court will always retain substantial discretion in fixing the amount of an EAJA award"). There was no error in the Magistrate Judge's decision to reduce the hourly rate.

Beyond that, Plaintiff objects to the Magistrate's decision to reduce the hours claimed.

Plaintiffs Objections reiterate and supplement arguments made in her motion papers.  The Report and Recommendation already carefully, thoroughly, and accurately addresses those arguments. The Court agrees with Magistrate Judge Green that a reduced fee award paid directly to the Plaintiff is appropriate.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 26) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (ECF No. 27) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Unopposed Petition for EAJA Fees (ECF No. 25) is **GRANTED IN PART AND DENIED IN PART**. An award of $5,760.53 in attorney fees is granted and shall be paid directly to Plaintiff.

Dated:  August 18, 2022   /s/ Robert J. Jonker
　　　　　　　　　　　　　　　　　　ROBERT J. JONKER
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE